UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIO VIERA & CHRISTINA VIERA, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation,<br><br>    Defendant. | NO. CV-07-5010-EFS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND** |

Before the Court, without oral argument, is the Plaintiffs' Motion for Remand (Ct. Rec. 5). Plaintiffs argue federal subject matter jurisdiction is lacking and ask the Court to remand this matter back to Benton County Superior Court. Defendant opposes Plaintiffs' motion, maintaining Plaintiffs asserted a cause of action under the federal Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq., and therefore contends the Court has jurisdiction over this matter. After reviewing the submitted materials and relevant authority, the Court is fully informed and finds Defendant met its burden of establishing that federal jurisdiction exists. Therefore, Plaintiffs' motion is denied for the reasons given below.

ORDER OF REMAND ~ 1

1   This Court has jurisdiction, and removal is proper, for actions
2   "arising under the Constitution, treaties or laws of the United States."
3   28 U.S.C. § 1441(b).  Plaintiffs' Complaint alleges: "Defendant's
4   termination of the Plaintiff violated the [Family Medical Leave Act], 29
5   U.S.C. 2601 et. seq., and the [Washington Family Leave Act], Chapter
6   49.78 RCW, and the Plaintiffs were damaged thereby in an amount that
7   shall be proven."  (Ct. Rec. 4 at 16 ¶ 3.2.)  Plaintiffs seek damages
8   "[f]or reasonable attorney's fees and costs as provided by contract,
9   statute, and, including but not limited to, Chapter 49.52 RCW, Chapter
10  49.48 RCW, *29 CFR 825.400*; . . . ."  *Id.* at 17, Prayer for Relief ¶ 2
11  (emphasis added).  Given this phrasing, the Court finds Plaintiffs are
12  asserting causes of action under both the federal and state Family Leave
13  Acts for their wrongful discharge claim.  The Court recognizes mere
14  reference to a federal statute in a complaint is insufficient by itself
15  to state a claim arising under federal law; however, the Complaint as
16  written states a federal cause of action, i.e. a violation of the federal
17  Family Medical Leave Act, and seeks damages under such.  *See Rains v.*
18  *Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).  This federal
19  Family Medical Leave Act cause of action stands on its own, completely
20  independent of the state law FLA; this is an instance where federal law
21  creates one of Plaintiffs' causes of action.  *See Mulcahey v. Columbia*
22  *Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing
23  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986)).
24  Therefore, Plaintiffs' Complaint alleges a federal claim "arising under"
25  a federal statute and removal is proper.
26

ORDER OF REMAND ~ 2

1  For the foregoing reasons, **IT IS HEREBY ORDERED:** Plaintiffs' Motion
2  for Remand **(Ct. Rec. 5)** is **DENIED**.
3  **IT IS SO ORDERED.** The District Court Executive is directed to enter
4  this Order and provide copies to all counsel.
5  **DATED** this ___19th___ day of April 2007.
6
7  S/ Edward F. Shea
   EDWARD F. SHEA
   United States District Judge
8
9
10 Q:\Civil\2007\5010.remand.wpd

ORDER OF REMAND ~ 3